thereof, and to pay to the petitioner within sixty days after the final adoption of each budget the amount of said installment. Order unanimously affirmed, with fifty. dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

In the Matter of the Application of S. & S. LYRIC, INC., Respondent, for an Order Pursuant to Article 78 of the Civil Practice Act, against THEODORE ORNSTEIN, Mayor of the City of Long Beach, JACOB W. OSMAN and Others, Constituting the City Council of the City of Long Beach, N. Y., Appellants.— Appeal from order in proceeding under article 78 of the Civil Practice Act, requiring defendants to audit and allow certain tax refunds, with interest and costs, and directing them to include in the budget for the tax levy for the fiscal year 1941–1942, and in each succeeding budget until the entire refunds are paid, twenty per cent of the amount thereof, and to pay to the petitioner within sixty days after the final adoption of each budget the amount of said installment. Order unanimously affirmed, with fifty dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

In the Matter of the Application of ALLEYNE MACNAB RUNYON for the Revocation of Letters of Administration Issued to AGNES RAMPE on the Estate of MARY O'CONNOR, Deceased. ALLEYNE MACNAB RUNYON, Appellant; AGNES RAMPE, as Administratrix, etc., of MARY O'CONNOR, Deceased, Respondent.— Decree of the Queens County Surrogate's Court dismissing the petition of Alleyne Macnab Runyon to revoke letters of administration issued to Agnes Rampe, on the estate of Mary O'Connor, deceased, reversed on the law and the facts, the petition granted, with costs to the appellant, payable out of the estate, and the matter remitted to the Surrogate's Court for the entry of a decree accordingly, and for further proceedings. The documentary proof in this case establishes that the decedent and appellant's father, James, were the children of John and Margaret Smith. This proof was also sufficient to establish that the declarants, quoted by the witnesses, were related to the family of which the declarants assumed to speak, slight proof being sufficient for this purpose. (Richardson on Evidence [5th ed.], § 259.) The facts and circumstances evidenced herein, including the fact that appellant's father and the decedent recognized that Margaret George — formerly Margaret Smith — was their mother at the time of the funeral of that individual, as did the half brother, Thomas Frederick George, and that decedent recognized that petitioner and her sisters and brother were decedent's nieces and nephew, all confirm the propriety of a finding that the appellant's father was decedent's brother. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

In the Matter of the Application of JAMES J. PALMER, Petitioner, against LEWIS J. VALENTINE, as Police Commissioner of the Police Department of the City of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act, to review the determination of the police commissioner of the city of New York adjudging the petitioner guilty of certain charges and dismissing him from the police force. Determination unanimously confirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

In the Matter of the Application of CHARLES B. SHAFFER, Respondent, for an Order, Pursuant to Article 78 of the Civil Practice Act, against THEODORE ORNSTEIN, Mayor of the City of Long Beach, JACOB W. OSMAN and Others, Consti•

tuting the City Council of the City of Long Beach, N. Y., Appellants.— Appeal from order in proceeding, under article 78 of the Civil Practice Act, requiring defendants to audit and allow certain tax refunds, with interest and costs, and directing them to include in the budget for the tax levy for the fiscal year 1941–1942, and in each succeeding budget until the entire refunds are paid, twenty per cent of the amount thereof, and to pay to the petitioner within sixty days after the final adoption of each budget the amount of said installment.  Order unanimously affirmed, with fifty dollars costs and disbursements.  No opinion.  Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

In the Matter of the Petition of ELIZABETH M. BUTLER for a Judicial Settlement of the Account of Proceedings of the Late FANNY V. N. RAMSDELL, as Trustee (by Said ELIZABETH M. BUTLER as Her Executrix), and Said ELIZABETH M. BUTLER, as Sole Surviving Successor Trustee, of the Trust Created by Article 11th of the Will of JOHN J. VAN NOSTRAND, Deceased, for the Benefit of Said FANNY V. N. RAMSDELL, and Also for a Construction of the Will, and a Determination of All Questions, Legal or Equitable, Arising between All Parties Interested in This Proceeding.  ELIZABETH VAN NOSTRAND BUTLER, Individually and as Administratrix, etc., of THOMAS P. RAMSDELL, Deceased, and NANNIE MARVIN RODMAN, Individually, Appellants; WILLIAM NELSON CROMWELL and ALFRED JARETZKI, JR., as Executors, etc., of LOUISA B. VAN NOSTRAND, Deceased, and Others, Respondents.— Proceeding for judicial settlement of the accounts of trustees and for a construction of the will of John J. Van Nostrand, deceased. Decree of the Kings County Surrogate's Court, in so far as appealed from, unanimously affirmed, with one bill of costs to appellants and one bill of costs to respondents William Nelson Cromwell and Alfred Jaretzki, Jr., as executors, etc., payable out of the estate of John J. Van Nostrand, deceased.  No opinion.  Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

IGNACI JAKUBOSKI, Appellant, v. MATSON NAVIGATION Co. and THE ISTHMIAN STEAMSHIP Co., Respondents.— In an action by plaintiff, a longshoreman, against third parties to recover damages for personal injuries, a separate defense, contained in the amended answer, which pleads the provisions of the Federal Longshoremen's and Harbor Workers' Compensation Act pertaining to the securing of compensation and that plaintiff's employer had secured for and paid to plaintiff compensation as provided in said act, is sufficient in law to constitute an election by plaintiff under subdivision (a) of section 33 of said act (U. S. Code, tit. 33, § 933, subd. [a]) without a specific allegation that plaintiff had made such election.  The acceptance of compensation by the plaintiff precludes him from proceeding against defendants to recover damages.  (Hunt v. Bank Line, 35 F. [2d] 136.)  However, the " Sixth " defense, which fails to plead that the compensation was accepted by plaintiff under an award in a compensation order filed by the deputy commissioner, is insufficient in law for the reason that the acceptance of compensation under an award has been made a condition precedent to the assignment of plaintiff's cause of action to his employer by the provisions of subdivision (b) of section 933 of title 33 of the United States Code, as amended June 25, 1938.  The mere allegation that plaintiff has accepted compensation voluntarily paid by his employer is insufficient to divest plaintiff of his cause of action against defendants either by the statutory assignment or by force of the employer's equity of subrogation or his right of indemnification.  Order, in so far as it denies plaintiff's motion to strike out the